UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


SANDALS RESORTS INTERNATIONAL
(2000), LTD., a Bahamas limited company

    Plaintiff,

v.                                                                                                  Case No:  2:12-cv-497-Ftm-29SPC

STARLINK REALTY, INC., STARLINK
REALTY OF NAPLES, LLC, FLORIAN
REALTY GROUP, INC., HUENE REAL
ESTATE, LLC, SANDALS REALTY LLC,
ERNESTO RIJAVEC and VARIOUS
JOHN DOES, JANE DOES AND ABC
COMPANIES,

    Defendants.
_____/


## ORDER

    This matter comes before the Court on Plaintiff's Motion for Entry of Default (Doc. #45) filed on May 2, 2013.  Plaintiff moves for the entry of a clerk's default against Defendant Sandals Realty, LLC for failure to respond to the Complaint.  Counsel Bernard H. Dempsey has entered an appearance on behalf of Sandals Realty, LLC, but has not responded to the Complaint.  Before entering clerk's default, the Court will first examine whether Sandals Realty, LLC was properly served with process.

    Pursuant to Pursuant to Fed R. Civ. P. 4(h), service upon a corporation is effected when:

    [u]nless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name and from which a waiver of service has not been obtained and filed, shall be effected:

(1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant. . .

The Florida Rules of Civil Procedure state that "at the time of personal service of process a copy of the initial pleading shall be delivered to the party upon whom service is made." Fla. R. Civ. P. 1.070. A corporation may be served by serving process on the president, vice president, the cashier, treasurer, secretary, general manager, any director, any officer or business agent residing in the state. Fla. Stat. § 48.081(1)(a-d). The conditions imposed by Florida Stat. § 48.081 must be strictly complied with. S.T.R. Industries, Inc. v. Hidalgo Corporation, 832 So. 2d 262, 263 (Fla. 3d DCA 2002); Richardson v. Albury, 505 So. 2d 521, 522-523 (Fla. 2d DCA 1987).

In this case, the Return of Service (Doc. #14), indicates that substitute service was made on a co-resident of the registered agent for Sandals Realty, LLC, Beverly Enders, at 14784 Pinnacle Place, Naples, Florida. Service was first attempted on Ms. Enders at 7190 Verde Way, Pelican Bay, Collier County, Florida. The process server confirmed that there was no such number on Verde Way, which was also confirmed by the gate guard. While the Court agrees that Beverly Enders is the registered agent, she was not served. If the manner in which Ms. Enders was served is proper under Florida law, then Plaintiff should provide a memorandum of law in any further motion for clerk's default, setting forth such authority.[1]

---

[1] The Court notes that the address for the registered agent with the Florida Department of State Division of Corporations is 15602 Summit Place Circle, Naples, Florida 34119.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Entry of Default (Doc. #45) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 6th day of May, 2013.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record